IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| OLGA VARGAS<br>*Plaintiff,*<br><br>v.<br><br>COMMUNITY LOAN SERVICING, LLC<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 7:23-cv-00065 |

## NOTICE OF REMOVAL

Defendant, Community Loan Servicing, LLC ("CLS"), by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the Hidalgo County Court No. 8, Texas to the United States District Court for the Southern District of Texas, McAllen Division. The grounds for removal are as follows:

### I.   PROCEDURAL BACKGROUND

1. This is a lawsuit to prevent the foreclosure of certain real property located at 4542 E. FM 2812, Edinburg, Texas 78542 (the "Property"). Plaintiff commenced this action by filing an Original Petition (the "Complaint") on February 6, 2023, in the Hidalgo County Court No. 2, and the case was docketed as Cause No. CL-23-0545-B (the "State Court Action"). In his Original Petition, Plaintiff urge claims against Defendant for a judicial declaration that Defendant's right to foreclose its lien is unenforceable into perpetuity and a declaration that the liens held by Defendant is void and do not constitute a lien or encumbrance on the Property. Plaintiff, in essence, seek declarations that Olga Vargas owns a community property interest in the property, that she was not provided notice of the foreclosure sale, that she never consented to the terms of the deed of trust and that foreclosure would not be legal. Plaintiff seeks a permanent injunction prohibiting CLS from foreclosing on the property and an award of costs, fees, and interest.

2. Defendant filed its Original Answer on February 21, 2023.

3. The parties are completely diverse and the amount in controversy exceeds $75,000.00. Pursuant to 28 U.S.C. §1446(b)(3), this Notice of Removal must be filed within thirty days of the date that Defendant received a copy of the Petition. Defendant through the undersidned counsel, first received a copy of Plaintiff's Original Petition on February 7, 2023.

4. No party has requested a jury trial in the State Court Action.

## II.   PROCEDURAL REQUIREMENTS

5. Pursuant to Federal Rules of Civil Procedure 7.1 and 81, and Southern District of Texas Local Rule 81, Defendant attach the following to this Notice of Removal:

   a. A Civil Cover Sheet (form JS-44) and Supplemental Civil Cover Sheet per Local Rule 81.2 (**Exhibit 1**);

   b. All executed process in this case (**Exhibit 2**);

   c. Plaintiffs' Original Petition and Defendant's Original Answer and Counterclaim. (**Exhibit 3**);

   d. All orders signed by the state court judge (**Exhibit 4**);

   e. A copy of the State Court's Docket Sheet (**Exhibit 5**);

   f. An Index of All Documents Being Filed (**Exhibit 6**);

   g. A list of all counsel of record, including addresses, telephone numbers, and parties represented (**Exhibit 7**);

   h. Disclosure Statement and Statement of Interested Parties (**Exhibit 8**); and

   i. Records of property value, Hidalgo County Appraisal District (**Exhibit 9**).

To the extent possible, these documents are arranged in chronological order according to the state court file date.

6. Concurrently with the filing of this Notice, Defendant is serving this Notice on Plaintiff and filing a copy of the Notice with the Hidalgo County Clerk.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 124(b)(2) and 144(a), because the United States District Court for the Southern District of Texas, McAllen Division is the federal judicial district embracing Hidalgo County, Texas, where this action was originally filed.

8. Defendant is filing its *Disclosure Statement and Certificate of Interested Parties* pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, a copy of which is attached hereto as **Exhibit "8."**

9. Defendant reserves the right to assert any defenses and/or objections to which they may be entitled.

### III.  BASIS FOR REMOVAL JURISDICTION

10. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the Unite States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

**A. Diversity Jurisdiction.**

11. The Court has original jurisdiction over this action pursuant to §1332(a)(1) because there is complete diversity of the citizenship among the Parties and the amount in controversy exceeds $75,000.00.

**i. The Parties are Diverse.**

12. For purposes of diversity, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning to whenever he is absent there from. *See Preston v. Tenet Healthsytem Mem'l Med. Ctr.*, 485 F.3d 793, 797-798 (5th Cir. 2007). Plaintiffare domiciled in

Hidalgo County, Texas. *See* Complaint, p. 1, Sec. 2 (Exhibit 3). Therefore, Plaintiff is a citizen of Texas for diversity purposes.

13. Defendant, Community Loan Servicing, LLC is a limited liability company. Thus, its citizenship for diversity purposes is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-89 (5th Cir. 2008). No member of CLS is a citizen of Texas. CLS's sole member is Bayview Asset Management, LLC ("BAM"), a Delaware limited liability company. BAM's sole member is Bayview Asset Management Holdings, LLC ("BAMH"), which is also a Delaware limited liability company. BAMH has two members, Bayview Financial Holdings, L.P. ("BFH") and Bayview Financial Management Corp. ("BFC"). BFH's partners are citizens of Delaware and Florida. BFC is a Delaware corporation with a principal place of business s in Florida. A corporation is a citizen of the state in which it is incorporated and the stet where its principal place of business is located. *See* 28 U.S.C. §1333(c)(1). Therefore, CLS is a citizen of Delaware and Florida for purposes of diversity.

14. Plaintiff is citizen of Texas. Defendant is citizen of Delaware and Florida. Complete diversity of citizenship exists between the parties.

**B.     The Amount in Controversy Exceeds 75,000.00**

15. Removal is proper where a defendant can show by a preponderance of the evidence that the amount in controversy is greater than $75,000.00. "The test is whether it is more likely than not that the amount of the claim will exceed the jurisdictional minimum." *St. Paul Reinsurance Co. Ltd. V. Greenburg*, 134 F.3d 12250, 1253 n.13 (5th Cir. 1998). A defendant can meet this burden if other evidence shows the amount in controversy is more likely than not to exceed $75,000.00. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.2d 720, 723 (5th Cir. 2002).

16.     "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); Also see *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 346 (1977) and *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). The fair market value of property is an appropriate measure of the value of the injunctive relief sought to stop foreclosure of property. *See Berry v. Chase Home Finance*, LLC, No. C-09-116, 2009 WL 2868224 at *2 (S.D. Tex. August 27, 2009); *Also see Martinez v. BAC Home Loans Servicing, LP*, No. SA-09-CA-951-FB, 2010 WL 6511713 (W.D. Texas Sept 24, 2010); And *see Nationstar Mortgage, LLC v. Knox*, 351 Fed.Appx. 844, 2009 WL 2605356 ("'[W]hen…a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d. 545, 547-48 (5th Cir. 1961))

17.     In this case, Plaintiff seeks permanent injunctive relief to restrain and enjoin Defendant from conducting a foreclosure sale of Plaintiff's property. Clearly the object of Plaintiffs' litigation is the property. Plaintiff's property, 4542 E. FM 2812, Edinburg, Texas 78542, is currently appraised at $942,351.00 according to the Hidalgo County Appraisal District.

18.     The facts contained in the Hidalgo County Appraisal District reports are generally known within the territorial jurisdiction of this Court and are capable of being accurately and readily determined by resort to sources whose accuracy cannot reasonably be questioned. Moreover, these facts are adjudicative in that they evidence value. As such, these facts are subject to judicial notice under FED. RULE OF EVID. 201. Also See *Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011); (It is appropriate for the court to take judicial notice of the Harris County Tax Appraisal because it is a public record and the information it provides is readily ascertainable and the source – the Harris County Tax Appraisal District – cannot be reasonably questioned.). *S.E.C. v. Reynolds*,

2008 WL 4561560, at *3 (N.D. Tex. October 9, 2008) (indicating that the Court had taken judicial notice of publicly available information by reviewing appraised values as reported by the Collin County Appraisal District); *In re Adebo*, 2007 WL 3235122, at *1 (Bkrtcy. S.D. Tex. November 1, 2007) (the Court taking judicial notice of the Harris County Appraisal District valuation). Defendant asks the Court to take judicial notice of **Exhibit 9** and the information reported by the Hidalgo County Appraisal District in **Exhibit 9** attached hereto.

### V.     CONCLUSION

For the foregoing reasons, Defendant, CLS, respectfully asks this Court to accept this Notice of Removal, that this suit be removed to the United States District Court for the Southern District of Texas, McAllen Division, and that this Honorable Court exercise its jurisdiction over the claims and defenses presented in this lawsuit.

Dated: February 21, 2023.

Respectfully submitted,

HUGHES WATTERS ASKANASE, LLP

By: _____
Damian W. Abreo
Texas Bar No. 24006728
TotalEngeries Tower
1201 Louisiana Street, 28th Floor
Houston, Texas 77002
(713) 759-0818 (Telephone)
(713) 759-6834 (Facsimile)
dabreo@hwa.com (E-mail)

**ATTORNEYS FOR DEENDANT,
COMMUNITY LOAN SERVICING, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Removal was forwarded to all parties and/or their attorneys of record, in accordance with the Federal Rules of Civil Procedure, on this the 21st day of February, 2023 addressed as follows:

*Via Email: mckinnis22@yahoo.com*
Kelly K. McKinnis
3423 W. Alberta Road
Edinburg, Texas 78539

**ATTORNEY FOR PLAINTIFF**

_____
Damian W. Abreo