Case 7:23-cv-00065  Document 51  Filed on 08/29/24 in TXSD  Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
August 29, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| OLGA VARGAS, *et al.* § | |
| § | |
| Plaintiffs/Counter-Defendants, § | |
| § | |
| VS. § | |
| § CIVIL ACTION NO. 7:23-cv-00065 | |
| COMMUNITY LOAN SERVICING, LLC, § | |
| *et al.* § | |
| § | |
| Defendants/Counter-Plaintiffs. § | |

## **OPINION AND ORDER**

The Court now considers "Counter-Plaintiff Community's Request for Clerk's Entry of Default and Motion for Default Judgement as to Counterclaim"[1] as well as "Notice of Non-Response to Clerk's Entries of Default."[2] After considering all that has been presented, the Court **GRANTS** the instant motion and enters **DEFAULT JUDGMENT** in favor of Counter-Plaintiff Community and against Bank of America, N.A.; Olga Vargas; Rosendo Vargas; and Horacio Vargas.

### I. PROCEDURAL HISTORY

This case was removed from state court on the basis of diversity jurisdiction in February 2023.[3] In March 2023, the Court consolidated another case with this one.[4] In May 2023, the Court granted Community Loan Servicing, LLC's ("Community") motion to dismiss.[5] However, Community's counterclaims remained.[6] In August 2023, Community was permitted to file its third

---

[1] Dkt. No. 42.
[2] Dkt. No. 49.
[3] Dkt. No. 1.
[4] Dkt. No. 6.
[5] Dkt. No. 12.
[6] Dkt. No. 14.

party complaint against Bank of America, N.A., Edgar Rojas, TBK Bank SSB f/k/a Triumph Savings Bank, SSB d/b/a Triumph Commercial Finance, United States of America, Olga Vargas, Rosendo Vargas and Horacio Vargas.[7]

Summons were issued for Bank of America, N.A., Edgar Rojas, TBK Bank SSB f/k/a Triumph Savings Bank, SSB d/b/a Triumph Commercial Finance, United States of America, and Horacio Vargas. Olga Vargas and Rosendo Vargas were already parties to this matter and thus were served with the filing of Community's complaint.[8] Return of service of executed summons were submitted to the Court for Edgar Rojas,[9] TBK Bank SSB f/k/a Triumph Savings Bank, SSB d/b/a Triumph Commercial Finance,[10] United States of America,[11] Horacio Vargas,[12] and Bank of America, N.A.[13] Thus, service was executed on all parties named in Community's complaint.

A disclaimer of interest in the property was filed by TBK Bank SSB f/k/a Triumph Savings Bank, SSB d/b/a Triumph Commercial Finance.[14] Answers to Community's complaint were filed by Edgar Rojas,[15] and the United States of America.[16] Agreed Judgments were signed by the Court as to Edgar Rojas and the United States of America.[17]

No answer has been filed as of the date of this order by Bank of America, N.A., Olga Vargas, Rosendo Vargas, or Horacio Vargas ("Defaulting Defendants"). Community filed its

---

[7] Dkt. Nos. 22 & 23.
[8] FED. R. CIV. P. 5(b)(2)(E) ("A paper is served under this rule by sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served . . . .").
[9] Dkt. No. 26.
[10] Dkt. No. 27.
[11] Dkt. No. 28.
[12] Dkt. No. 31.
[13] Dkt. No. 33.
[14] Dkt. No. 29.
[15] Dkt. No. 30.
[16] Dkt. No. 32.
[17] Dkt. Nos. 39 & 40.

request for Clerk's entry of default and motion for default judgment[18] and the Clerk's entries of default for Bank of America, N.A., Olga Vargas, Rosendo Vargas, and Horacio Vargas were subsequently entered.[19]

## II. BACKGROUND

The following relevant factual background was obtained from Community's complaint:

On or about July 13, 2007, Horacio Vargas executed an Adjustable Rate Promissory Note (the "Note") in the original principal amount of $308,750.00 made payable to Interbay Funding, LLC ("Interbay"). Contemporaneously with his execution of the Note, Vargas also executed a Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing (the "Security Instrument") securing repayment of the Note and granting a lien on the real property located at 4542 E. FM 2812, Edinburg, Texas 78542 (the "Property"). [] The Note and Security Instrument are collectively referred to herein as the "Loan."

Through a series of assignments recorded in the Official Public Records of Hidalgo County, Texas, the Loan was transferred to M&T Bank ("M&T"). Community is the mortgage servicer of the Loan and attorney-in-fact for M&T.

Pursuant to the Loan, Horacio Vargas, among other things, promised to make monthly payments to M&T. The Security Instrument provides M&T with the power of sale if he defaults on his payment obligations under the Loan.

Horacio Vargas defaulted on his payment obligations under the Loan by failing to make required payments due and owing thereunder. M&T notified Horacio Vargas of the default under the Loan. [] The default has not been cured. The Loan is due for the July 1, 2017 payment and all subsequent payments due thereafter.

On May 8, 2019, Horacio Vargas obtained an additional loan securing repayment thereof and granting a lien on the Property through a Deed of Trust (2nd Lien) recorded in the Real Property Records of Hidalgo County as Document Number 3013078 (the "Junior Lien"). [] On February 4, 2020, pursuant to the Junior Lien, the Property was sold at a foreclosure sale to Edgar Rojas. []

A foreclosure sale of the Property was scheduled for September 6, 2022. To prevent the sale, Counterclaim Defendants filed a lawsuit against M&T on September 2, 2022, and obtained a temporary restraining order precluding the foreclosure sale (the "Related Lawsuit"). M&T filed a counterclaim seeking a declaratory judgment and/or judicial foreclosure of the Loan on October 11, 2022, and the Related Lawsuit was removed to the Southern District of Texas on October 12, 2022. After

---

[18] Dkt. No. 42.
[19] Dkt. Nos. 44-47.

the expiration of the temporary restraining order, Community scheduled a foreclosure sale of the Property for February 7, 2023.

To again prevent the sale, Counterclaim Defendants filed the instant lawsuit on February 6, 2023, and obtained a temporary restraining order precluding the foreclosure sale. Community filed a counterclaim seeking a declaratory judgement and/or judicial foreclosure of the Loan on February 23, 2023, and the instant suit was removed to this Court on February 21, 2023. [] The Related Suit was thereafter consolidated with and into the instant suit by the Court's Order on Consolidation on March 16, 2023. [] Based on Community and M&T's Motion to Dismiss and Brief in Support [], the Court dismissed Counterclaim Defendants' claims in their entirety on May 10, 2023. [][20]

### III. DISCUSSION

#### a. Legal Standard

Obtaining a default judgment is a three-step process: "(1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment."[21] Once entry of default is made, "plaintiff may apply for a judgment based on such default. This is a *default judgment*."[22] Defendant has defaulted by failing to answer or otherwise appear in this case and the clerk has already entered default against it.[23] The only remaining question is whether the third step, entry of default judgment, is appropriate.

Federal Rule of Civil Procedure 55(b) authorizes entry of default judgment with court approval, which is not lightly granted. Default judgments are a disfavored and drastic remedy, resorted to only in extreme situations such as an unresponsive party.[24] The Court will not grant default judgment automatically or as a matter of right, even if a defendant is in default.[25] Whether

---

[20] Dkt. No. 23 at 4, ¶¶ 12-18 (internal citations omitted).
[21] *Bieler v. HP Debt Exch., LLC*, No. 3:13-CV-01609, 2013 WL 3283722, at *2 (N.D. Tex. June 28, 2013) (citing *N.Y. Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996)).
[22] *N.Y. Life Ins. Co.*, 84 F.3d at 141.
[23] Dkt. No. 10.
[24] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).
[25] *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).

to grant default judgment is left to the sound discretion of the district court.[26] Adjudicating the propriety of default judgment is itself a three-step process.

First, the Court must determine whether the plaintiff's claims are well-pled and substantively meritorious.[27] After all, a defendant's failure to answer or otherwise defend does not mean the particular legal claims levied are valid and merit judgment against the defendant.[28] When analyzing the merits of claims, the Court may assume the truth of all well-pled allegations in the plaintiff's complaint because all defaulting defendants functionally admit well-pled allegations of fact.[29] But the Court will not hold the defendants to admit facts that are not well-pled or to admit conclusions of law.[30]

Second, if the plaintiff states a well-pled claim for relief, the Court examines six factors to determine whether to grant default judgment:

> [W]hether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.[31]

Third, if the plaintiff's claims are meritorious and default judgment appears appropriate, the Court must determine whether the requested relief is proper. Specifically, default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."[32] The Court will determine how to calculate damages. The general rule is "unliquidated damages normally are not awarded without an evidentiary hearing" but the exception is when "the amount

---

[26] *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).
[27] *See Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 498 (5th Cir. 2015).
[28] *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).
[29] *Id.*; *see Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992) ("Unlike questions of actual damage, which must be proved in a default situation, conduct on which liability is based may be taken as true as a consequence of the default.").
[30] *Nishimatsu Constr. Co.*, 515 F.2d at 1206.
[31] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).
[32] FED. R. CIV. P. 54(c); *see also Ditech Fin., L.L.C. v. Naumann*, 742 F. App'x 810, 813 (5th Cir. 2018) (holding that rendering relief in a default judgment differs from other kinds of judgment).

claimed is a liquidated sum or one capable of mathematical calculation."[33] When this exception applies, there is no need for an evidentiary hearing and the Court can enter default judgment on the papers.

### b. Analysis

#### 1. Judicial Foreclosure and Breach of Contract

Community first asserts a cause of action for judicial foreclosure against Counterclaim Defendants and Horacio Vargas. The Court may order judicial foreclosure upon proof "establishing the debt and fixing the lien."[34] To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. XVI, § 50(a)(6) of the Texas Constitution; (3) defendants are in default under the note and security instrument; and (4) defendants received notice of default and acceleration.[35]

By default, Horacio Vargas has admitted to the fulfillment of the previously listed requirements. Even so, Community has provided the Court with copies of the note as well as a deed of trust, security agreement, assignment of leases and rents and fixture filing securing repayment of the note and granting a lien on the real property located at 4542 E. FM 2812, Edinburg, Texas 75842.[36] Those documents were all signed by Horacio Vargas. Further, Community has provided a true and correct copy of the notice of default that was sent to Horacio Vargas on July 26, 2017.[37]

---

[33] *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (quoting *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).
[34] *Maldonado v. CitiMortgage, Inc.*, 676 F. App'x 282, 284 (5th Cir. 2017) (quoting *Bonilla v. Roberson*, 918 S.W.2d 17, 21) (Tex. App.—Corpus Christi 1996, no writ); see also Tex. R. Civ. P. 309.
[35] Tex. Prop. Code Ann. § 51.002; Boren v. U.S. Nat. Bank Ass'n, No. H-13-2160, 2014 WL 5486100, at *3 (S.D. Tex. Oct. 29, 2014).
[36] Dkt. Nos. 18-4 & 5.
[37] Dkt. No. 18-6.

However, judicial foreclosure is a remedy rather than a cause of action.[38] Thus, Community is only entitled to the remedy of judicial foreclosure after the Court assesses that the Community has established breach of contract.[39] Therefore, before the remedy of foreclosure is ordered, Community's breach of contract claim must be addressed.

"In Texas, [t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."[40] "A breach occurs when a party fails to perform a duty required by the contract."[41]

Community has demonstrated through summary judgment type evidence that a debt exists by providing the note and deed of trust, which form the contract in this matter. Those documents clarify that Horacio Vargas promised to repay the lender the principal sum of $308,750.00 with interest.[42] Further, Community asserts that it is the proper owner of the property.[43] Additionally, by attaching the security instrument, Community has shown that the repayment of the note is secured by a lien on the real property.

Community also attached proofs of notice of default that were sent to Horatio Vargas.[44] Those notices inform Horacio Vargas that he is to submit the amounts contained therein and that

---

[38] *In re Erickson*, 566 Fed. Appx. 281, 284 (5th Cir. 2014) (unpublished) (holding that the lender "had a right to pursue judicial foreclosure as a remedy").
[39] *Bazan v. JPMorgan Chase Bank*, 7:13–CV–433, 2014 WL 12531349, at *1 (S.D. Tex. June 19, 2014) (Alvarez, J.) (holding that a lender was entitled to judicial foreclosure after the lender established the borrower's breach of contract).
[40] *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (internal quotation marks omitted).
[41] *Id.*
[42] Dkt. No. 18-4.
[43] Dkt. No. 23 at 4, ¶ 13 (Through a series of assignments recorded in the Official Public Records of Hidalgo County, Texas, the Loan was transferred to M&T Bank ("M&T"). Community is the mortgage servicer of the Loan and attorney-in-fact for M&T).
[44] Dkt. No. 18-6.

"[c]ontinued failure to pay thereafter may result in the initiation of a foreclosure action and the ultimate sale of the above-referenced property presently securing the loan."[45]

Finally, the Deed of Trust provides for satisfaction of the unpaid debt by "institut[ing] proceedings, judicial or otherwise, for the complete foreclosure of this Security Instrument . . . ."[46] Thus, the summary judgment type evidence shows, and Counter-Defendants do not contest, that Horacio Vargas is in default and has therefore, breached the contract. Therefore, Community has provided that it has met the requirements to foreclose under a security instrument in Texas with a power of sale. Thus, the undisputed evidence demonstrates that Community is entitled to foreclose on the real property located at 4542 E. FM 2812, Edinburg, Texas 75842 and the Court finds that judicial foreclosure and an order of sale are warranted.

    *2. Declaratory Judgment*

Community also wishes for the Court to enter a declaratory judgment finding "that each of the purported interests of the Counter Claim Defendant's and Third-Party Defendant's in the Property is inferior and junior to any interest of Community."[47] The Declaratory Judgment Act "authorizes the federal courts to 'declare the rights and other legal relations of any interested party seeking such declaration.'"[48] "The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so."[49]

---

[45] *Id.* at 2.
[46] Dkt. No. 18-5 at 21.
[47] Dkt. No. 18 at 7.
[48] *Val–Com Acquisitions Trust v. Chase Home Fin., L.L.C.*, 428 Fed.Appx. 364 (5th Cir.2011) (internal citations omitted).
[49] *Pub. Affs. Assocs., Inc. v. Rickover*, 369 U.S. 111, 82 S. Ct. 580, 7 L. Ed. 2d 604 (1962) (internal citations omitted).

As previously mentioned, agreed judgments were signed by the Court as to Edgar Rojas and the United States of America.[50] Thus, given that those parties have reached an unknown agreement with Community, and because those parties have not opposed the instant motion, the Court considers their interest in the property inferior and junior to the interest of Community.

Further, when the Court granted Community's motion to dismiss the claims of Olga Vargas and Rosendo Vargas, it considered the parties' notice of no opposition to the motion to dismiss which stated that "[t]he property in question is clearly not homestead property. Therefore, Plaintiffs cannot in good faith oppose the Defendants' Motion to Dismiss."[51] Thus, because of the foregoing and because the instant motion is unopposed, the Court also considers the interests of Olga Vargas and Rosendo Vargas inferior and junior to the interest of Community.

That leaves Bank of America, N.A. In its complaint, Community alleges that Bank of America, N.A. "is named herein as a defendant because it may claim an interest in the real property that is at issue herein under the terms of that one certain Abstract of Judgment recorded in the Hidalgo County Real Property Records on or about January 13, 2020 . . . ."[52] Community has included the abstract of judgment dated December 6, 2019.[53] Thus, by default, Bank of America, N.A. has admitted that its interest in the property is inferior and junior to the interest of Community.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Counter-Plaintiff Community's motion for default judgement enters default judgment in favor of Counter-Plaintiff and against Counter-Defendants Bank of America, N.A., Olga Vargas, Rosendo Vargas, and Horacio Vargas.

---

[50] Dkt. Nos. 39 & 40.
[51] Dkt. No. 11 at 1.
[52] Dkt. No. 23 at 3.
[53] Dkt. No. 18-3.

Accordingly, **IT IS THEREFORE ORDERED, ADJUDED AND DECREED** that Community is entitled to a judgment allowing it and/or its successors and assigns to proceed with a judicial foreclosure sale under the terms of the Security Instrument, Texas Property Code § 51.002, Texas Rule of Civil Procedure 309, and applicable law with respect to the secured Property that is the subject of this proceeding;

**IT IS FURTHER ORDERED** that the address of the property sought to be foreclosed is 4542 E. FM 2812, Edinburg, Texas 78542, and more particularly described as set forth in the Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing (the "Security Instrument") recorded on July 19, 2007, in the Official Public Records of Hidalgo County at Instrument Number 2007-1784359, and as further described in Exhibit A to this Judgment;

**IT IS FURTHER ORDERED** that the amount owed by Horacio Vargas to Community under the Loan agreement is $931,626.26 as of April 10, 2024, along with any charges which Community may incur in accordance with the Note and/or Security Instrument beginning on the date of entry of this judgment, and continuing through the date of sale, with interest accruing at the contract rate through the date of this Judgment. Post-judgment interest shall accrue on the balance at the highest rate permitted by law per annum from the date of this Judgment until the date of sale of the Property. Community and its successors and/or assigns will have a credit bid toward the purchase of the Property that may not exceed the amount stated above. At its discretion, however, Community may bid a lesser amount;

**IT IS FURTHER ORDERED** that Community shall recover the amount owed under the Loan agreement with a foreclosure of the lien against the Property and an order of sale shall issue to any Sheriff or Constable within the State of Texas directing him or her to seize and sell the same as under execution, to be paid towards the satisfaction of the Judgment;

**IT IS FURTHER ORDERED** that this Judgment shall have all the force and effect of a writ of possession as between the parties to this suit and also as to any person claiming a right in the Property. The Sheriff, Constable, or other officer executing this Judgment sale shall proceed by virtue of such Judgment to place the purchaser of the Property sold at the foreclosure sale in possession of the Property within thirty (30) days of the foreclosure sale;

**IT IS FURTHER ORDERED** that the Order of Sale shall provide that Community have a credit bid not to exceed cumulative amounts stated in the foregoing paragraphs, which may be exercised at Community's discretion as its bid price for the Property at the foreclosure sale;

**IT IS FURTHER ORDERED** that if Horacio Vargas, within 30 days after the date of the Judgment, fails to pay to Community the full amount due at time of Judgment, plus reasonable fees, costs, and charges due under the Security Instrument, the Property shall be sold in accordance with Rule 309 of the Texas Rules of Civil Procedure at public auction to the highest bidder;

**IT IS FURTHER ORDERED** that if the Property is sold for cash, the Sheriff or Constable conducting the sale shall deduct out of the proceeds of the foreclosure sale his/her reasonable fees for conducting the sale and shall distribute the remaining proceeds in accordance with the terms of the Security Instrument. If the Property is sold to the mortgagee pursuant to a credit bid, Community must pay the Sheriff or Constable his/her reasonable fees and costs before recording the foreclosure deed. If any sales proceeds remain, they may be distributed then to inferior lienholders in order of lien priority and then to Horatio Vargas in compliance with applicable law;

**IT IS FURTHER ORDERED** that Horatio Vargas and all persons claiming under him shall be barred from any equity of redemption to the encumbered Property or any part of it, subject to the foregoing paragraphs above;

**IT IS FURTHER ORDERED** that the Abstract of Judgment recorded in the Hidalgo County Real Property Records on or about January 13, 2020, at Document Number 3078937 (the "Abstract of Judgment") and all related documents are hereby classified as second in time, junior and subordinate to Community's lien for all purposes and in all respects.

**IT IS FURTHER ORDERED** that the foreclosure of Community's lien as requested in the Counterclaim and/or Third-Party Claim shall have the same effect on any interest Defaulting Defendants may have in the Property and on the Abstract of Judgment as if Community completed a non-judicial foreclosure pursuant to the Texas Property Code and any relevant provisions of the subject deed of trust.

A final judgment in accordance with Federal Rule of Civil Procedure 54 will follow.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 29th of August, 2024.

_____
Micaela Alvarez
Senior United States District Judge